The Chief Justice delivered the opinion of the court, in substance as follows :
 

 McKean, Chief Justice.
 

 At the common law, there could be no appearance in any suit, real, personal or mixed, whether as plaintiff or defendant, but in proper person ; except where the King, by virtue of his prerogative, granted his writ for an attorney ; and where an infant appeared to defend a suit by his guardian. The statute of
 
 West. II., a.
 
 15, declares that if an infant is eloigned, so that he cannot sue personally, his next friend shall be admitted to sue for him ; and c. 10 of the same statute, enables all persons of full age to sue and defend suits by attorney.
 

 But the appearance of an infant to a suit brought against him, is not a judicial act. The appointment of a guardian to defend the suit; and the taking his examination, when a fine is to be levied, a recovery to be suffered, or a statute staple, &c., to be acknowledged, are judicial acts. Most clearly, however, the appearance in this case, is error.
 

 The authorities cited by the counsel for the defendant in error, to show, that after his full age, the party cannot take advantage of his previous infancy, appear to be restricted to real actions, and to fines and recoveries, which are, in their operation, mere modes of assurance. But we are, likewise, clearly of opinion, that in other cases, a judgment against an infant may be reversed after
 
 full age,
 
 and that the fact must be tried
 
 per pais
 
 and not by inspection. Moore 460; Hardwicke’s Cases 104; Hetly 65.
 
 (a)
 

 Let the judgment below be reversed.
 

 (a)
 

 The same points arose in Moore
 
 v.
 
 McEwen, 5 S. & R. 373, where it was deter mined, that the appearance of an infant, by attorney, was assignable for error, and that the plea,
 
 in nullo est erratum,,
 
 admits the fact of infancy.