# McClelland *versus* Pomeroy.

1. Opening a judgment is discretionary and cannot be reviewed on error, unless the opening is an excess of power.

2. The refusal to open a judgment is merely to stand still, and is not a transgression of power.

3. Banning *v.* Taylor, 12 Harris 289; Knox *v.* Flack, 10 Id. 337, distinguished.

[McClelland v. Pomeroy.]

March 10th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county:* No. 110, to July Term 1873.

On the 15th of August 1865, C. C. McClelland executed to E. Pomeroy a note for $2080, with warrant of attorney to confess judgment. Judgment was entered in the Court of Common Pleas of Bradford county, No. 456 to September Term 1865.

On the 5th of October 1869 an agreement executed by McClelland was filed; by this it was agreed that the judgment should be revived, the prothonotary to ascertain the amount; and thereupon judgment was entered against the defendant for $2599.49.

The liquidation of the judgment was as follows, viz. :.

| | |
|---|---:|
| Debt, | $2,080.00 |
| Interest from Aug. 15th 1865, to date, | 509.79 |
| Former costs, | 8.70 |
| | $2598.49 |
| Prot. Stamp, | 1.05 |

Int. 14th Sept. 1869.

On the 29th of July 1872, McClelland filed an affidavit that on the 23d of August 1867, he paid Pomeroy $249.69; on the 18th of June 1868, he paid him $94.57; on the 17th of September 1868, he paid him $224.72; on the 11th of November 1869, he paid him $243.44; on the 23d of June 1871, he paid him $2.021.53; and that beside he in 1866 paid $80; and that there was nothing due on the judgment.

McClelland afterwards made a supplemental affidavit that the judgment was given for cattle, and four per cent. was added to the price of the cattle as interest beyond six per cent. and was usurious, and that the note " should have been drawn for so much less than it was."

A rule to show cause why the judgment should not be opened was granted.

After hearing the rule the court made this order :—

" On filing paper by plaintiff remitting $80, and interest on same from date of original judgment, rule is discharged. If plaintiff refuse to remit that amount, the original judgment is opened as to said amount of $80 and interest thereon, and the defendant let into defence as to that amount, and to that end and for the purpose only of letting said defendant into defence as to that amount, said revival judgment is hereby opened."

The defendant took a writ of error, and assigned the following error :—

The court erred in refusing to open the revived judgment, and let the defendant into a defence for the purpose of applying

[McClelland *v.* Pomeroy.]

the usury paid in this case; in satisfaction of the balance of this judgment.

*H. N. Williams,* (with whom was *W. H. Carochan,* for plaintiff in error).—For excess of power the exercise of the discretion of the court below as to opening a judgment may be reviewed by the Supreme Court: Brown *v.* Simpson, 2 Watts 233; Bailey *v.* Musgrave, 2 S. & R. 219; Huston *v.* Mitchell, 14 Id. 310; Knox *v.* Flack, 10 Harris 337; Philanthropic Building Association *v.* McKnight, 11 Casey 471; Campbell *v.* Sloan, 12 P. F. Smith 481.

*W. Peet,* for defendant in error.—A refusal to open a judgment is never a transgression of power: Henry *v.* Brothers, 12 Wright 70; Riegel *v.* Wilson, 10 P. F. Smith 388; Breden *v.* Gilliland, 17 Id. 34; Bunce *v.* Wightman, 5 Casey 336.

The opinion of the court was delivered, March 16th 1874, by

AGNEW, C. J.—It needs no authority to prove that the opening of a judgment is a matter of discretion, and generally cannot be reviewed on a writ of error, unless where the opening of a judgment, in the particular case, is an excess of power: Catlin *v.* Robinson, 2 Watts 373. The refusal to open a judgment is simply to do nothing, to stand still, and is not a transgression of power: Henry *v.* Brothers, 12 Wright 70. Cases such as Knox *v.* Flack, 10 Harris 337, stand on a different footing, to wit, the want of power to enter the judgment, which become a subject of error, if not relieved by the court below. In that case infancy rendered the confession of judgment voidable, the warrant of attorney being void. It was a case of want of jurisdiction over the person of the party, and consequently could be corrected upon a writ of error. The court of error has power in such a case to determine the fact, or have it determined, to prevent injustice. This doctrine is even more strongly asserted in Banning *v.* Taylor, 12 Harris 289. But in this case before us there was no want of power to enter the judgment, and no want of jurisdiction over the person of the defendant. The usury complained of did not appear on the face of the judgment, or of the instrument upon which it was entered. It is true it entered into the transaction, and might therefore be ascertained, and would then constitute a ground upon which the court might open the judgment and let the defendant into a defence as to the usurious portion of the sum contained in the paper and judgment upon it. But it did not vitiate the judgment so as to make it *ipso facto* a subject of a writ of error. On this principle a writ of error would reach every judgment containing some portion which a defendant might on a trial defend against. The refusal of the court to open this judgment was therefore no ground of error. We must presume that the court acted properly and upon sufficient reason in declining to interfere.          Judgment affirmed.