# Citizens' National Bank of New Castle *v.* Hileman, Appellant.

*Judgment—Opening judgment—Warrant for confession of judgment—Cancellation—Novation.*

1. Judgment on a single bill will be stricken off where it appears that the note upon which judgment was entered had been marked "Paid" more than two years before by the deliberate and intentional act of the judgment' plaintiff, in pursuance of an understanding by which it took over as owner the equivalent of the note in bonds pledged as collateral security therefor, and credited this payment on its books;

that there was no clerical error in so marking the note; and that there was substituted for the note a written agreement by which the defendant undertook to save the plaintiff from loss up to the amount of the note, liability under which is not denied; and it makes no difference that the whole transaction was entered into under a mutual mistake of law as to the validity of the lien of the mortgage upon which the bonds were secured, as a result of which the plaintiff failed to realize anything on the bonds. In such a case the note ceased to be in itself a valid obligation, and the warrant on it was no longer authority for the confession of judgment.

2. As a general rule a judgment, regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all, so far as it affects the rights of the defendant.

Argued Oct. 10, 1911. Appeal, No. 139, Oct. T., 1911, by defendant, from order of C. P. Lawrence Co., Sept. T., 1910, No. 204, discharging rule to strike off judgments in cases of The Citizens' National Bank of New Castle, Pa., v. E. E. Hileman. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition to open and strike off judgment entered on warrant of attorney. Before PORTER, P. J.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in discharging the rules.

*Robert K. Aiken*, with him *Akens, Wilkison, Lockhart & Chambers*, for appellant.

*James A. Gardener* with him *E. T. Kurtz*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

On September 3, 1907, the defendant in this case executed and delivered to plaintiff a collateral note under seal for the sum of $6,000, payable sixty days after date, and containing a warrant of attorney to confess judgment for the amount of the note. The note contained the state-

ment that the maker had pledged with it as collateral security $18,000 par value of the bonds of The Hileman Company. The collateral was to cover another note of like amount. These bonds were secured by a mortgage which was supposed to be a lien upon certain leasehold estate belonging to the company. In the meantime the name of the company had been changed to The Emporium Company, and it had become bankrupt. After the adjudication in bankruptcy, defendant made an arrangement with the bank whereby it was to sell the collateral and buy in the bonds, and make claim upon them as owner against the funds arising from the sale of the leasehold upon which it was supposed that the mortgage securing the bonds was a first lien. In pursuance of the arrangement so made, defendant and his brother gave the bank a written agreement under seal, dated October 28, 1907, which provided that, in consideration of the bank selling the bonds which it held as collateral and making proof against the bankrupt's estate as their owner, the obligors guaranteed to the bank the payment of the bonds to the amount of the two notes, with interest, and bound themselves, in the event of a failure to collect the amount of the notes or any part thereof, over and above expenses, to pay the bank the debt, interest and costs or any part thereof, remaining uncollected. The paper also contained a stipulation that suit might be brought on it at any time without exhausting the bonds, and a waiver of stay, exemption and inquisition. The transfer was made November 4, 1907, and the claim in the bankruptcy proceedings was filed on November 6, counsel for defendant representing the bank in pursuance of an agreement by which his attorneys were to prepare, file and prosecute the claim. Upon the transfer of the bonds the bank entered them on its books in the account of "stocks and securities," and stamped on the face of the note "Paid Nov. 4, 1907, Citizens National Bank of New Castle, Pa." The claim on the bonds was not allowed by the bankruptcy court, (1) because the mortgage purporting to secure them

was not and never had been a lien on the real estate or leasehold mentioned in it, and (2) because the claim was made too late to participate in the distribution of the general estate of the bankrupt, having been filed more than a year after the adjudication in bankruptcy.

Upon learning the decision of the bankruptcy court, the bank, about May, 1910, some two and a half years after the date when the note had been stamped paid, undertook to reverse its action, and wrote upon the face of the note at the lower margin, "Erroneously stamped paid. Not paid in fact. The Citizens National Bank of New Castle, Pa.," and drew lines through the words "Paid Nov. 4, 1907. The Citizens National Bank of New Castle, Pa." And later, upon August 19, 1910, the bank caused judgment to be entered upon the note. Execution was issued upon the judgment, and on September 5, 1910, a petition was filed by the defendant praying that the judgment should be opened and at the same time a motion was made to strike off the judgment. The court made an order staying the execution and directed rules to issue to show cause why the prayer of the petition and the motion should not be granted. Answers were filed and testimony taken, and on June 5, 1911, both rules were discharged. Defendant has appealed and assigns for error the order discharging the rules.

Counsel for defendant contend that the judgment should be stricken off, because the note bears evidence upon its face of payment and cancellation. They contend further that if not stricken off, the judgment should be opened, because the evidence shows that the note was fully paid by the transfer of the bonds to the bank and their acceptance as payment, as shown by the words, "Paid Nov. 4, 1907" stamped on the face of the note, and also because the agreement of October 28, 1907, constituted a novation and superseded the original contract. The liability of the defendant for the debt, that is, for the amount of the loss incurred through the purchase of the bonds, is not here in question. The right to sue upon the agree-

ment is admitted. But it is strongly urged that this particular note in question, which was the evidence of the indebtedness, when it was given, was canceled and extinguished by the deliberate and intentional act of the bank on November 4, 1907. This conclusion seems to be unavoidable. The bank admits that it did take over, as its own property, the bonds which had been held by it as collateral, and did in consequence stamp the note as paid; and that it credited the payment upon its books. There is no suggestion that it was not intended to make these entries at the time, or that they were the result of clerical error. And they were not; for the entries were entirely consistent with the deliberate action of the bank. It fully intended that the proceeds of the bonds should pay the debt which had been evidenced by the note. The testimony shows that the consideration paid by the bank for the bonds, was the face of two notes and interest; one of them being the note in suit. It also appears from the agreement in writing made between the bank and defendant and his brothers, that the bank was to be made whole to the amount of the debt, as evidenced by the amount of the notes, without regard to what might be realized from the bonds. All parties in interest then supposed that the lien of the mortgage securing the bonds was good. As it turned out, the lien was not good. Whether this was owing to the failure to record the lease, or from some other cause, does not appear; but evidently it was in this connection that the mistake occurred. It was in the supposition that the bonds were secured by a valid lien, that the bank was misled; and its error in this respect was not discovered apparently for more than two years after it had taken title to the bonds in its own name, and had stamped the note paid, and so credited it on its books. Obviously the rule which permits the correction of a mere clerical mistake, such as stamping one note paid, when another was intended to be so marked, cannot be held to apply to a case like this, where the facts show that no clerical mistake was made, but that the error was

one of judgment in relying upon a supposed lien which did not exist. Here the entry of credit for the note upon the books of the bank, and the cancellation of the note by stamping it as paid, were deliberate and intentional. The note then ceased to be in itself a valid obligation, and the warrant in it was no longer authority for the confession of judgment, and the attempt to use it for that purpose, more than two years later, was without validity. "As a general rule a judgment, regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all, so far as it affects the rights of the defendant:" Long v. Lemoyne Boro., 222 Pa. 311.

The evidence clearly shows that the written agreement of October 28, 1907, was substituted for the note, and the remedy of the plaintiff is upon the covenants therein set forth. The bank did not agree to rely entirely upon the bonds, but acquired them with the understanding that it was to present them in the bankruptcy court, and upon the further understanding that it was to be saved from loss up to the amount represented by the notes referred to in the agreement. The liability of defendant under this agreement is not denied. We cannot doubt that this new contract superseded the former agreement set forth in the collateral note. The same parties were interested, and it involved the same subject-matter.

The order of the court below is reversed, and it is ordered that the judgment be stricken off.