## Wilkes-Barre Automobile Company *v.* Malinowski, Appellant.

*Evidence—Action for services and material—Book account.*

1. In an action to recover for services and material, where plaintiff avers in his statement of claim that the services and material were furnished in repairing an automobile, and were of a value stated "as set forth in plaintiff's book of original entries," attached to the statement, and at the trial the court rules out the book of account offered because not a book of original entries, the plaintiff may by other evidence show the services and material furnished, and the value thereof.

*Evidence—Action for material and services—Principal and agent.*

2. In an action to recover for services and material furnished for repairing an automobile, where the defendant claims that the automobile was the property of a brewing company of which he was manager, and offers some evidence in support of his contention, and the plaintiff offers proof that the defendant bought the automobile, paid for it with his own money, took out a license and insurance in his own name and apparently had the exclusive private enjoyment of it, the question of ownership is, on the conflicting testimony, for the jury.

Argued March 3, 1914. Appeal, No. 13, March ·T., 1914, by defendant, from judgment of C. P. Luzerne Co., March T., 1911, No. 288, on verdict for plaintiff in case of Wilkes-Barre Automobile Company v. Emil Malinowski. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for services and material.

At the trial the jury returned a verdict for $752.65.

On.a motion for defendant n. o. v. FULLER, J., filed the following opinion:

This action of assumpsit was brought to recover the price of certain labor, materials, and appliances furnished in repairing an automobile, as set forth in a book account.

There is no question whatever that the automobile in question was in the exclusive use and possession of the defendant, that it was badly damaged in an accident, that he directed the plaintiff to make all necessary repairs, that the plaintiff in making the repairs furnished a considerable amount of labor, materials, and appliances, for which the defendant rendered bill and received payment on·that account of $715.35 from the insurance company in which he held a policy against such an accident.

He made defense and bases the present motion upon the ground.

1. That the action being founded upon a book account and the plaintiff's offer to prove the same having been excluded, the bottom ipso facto fell out of the case, leaving a fatal variance between allegata and probata.

The language of the statement is, "The plaintiff on the 2nd day of April, 1910, and at divers times thereafter, sold and delivered to the defendant, at his request, goods and merchandise, and also performed for defendant, at his request, certain work and labor, all of the value of $840.16, as set forth in plaintiff's book of original entry, a true and correct copy of which is hereto attached and made part hereof."

We cannot assent to the proposition that the action is founded upon a book account, except in a colloquial sense of the expression.

It was founded upon the implied contract to pay a reasonable price for plaintiff's services, of which the book account would be evidence, but not the only evidence, and, therefore, when we rejected the offer to

prove the book account because it appeared that the entries were made at the end of the month in a loose leaved ledger, from daily memorandum slips, and not contemporaneously, it was clearly competent for the plaintiff to prove its cause by any other proper evidence in its possession.

It is correct, of course, to contend that the other evidence should substantially establish the services specified in the entries as set forth in the copy annexed to the statement, because that specification constitutes the plaintiff's bill of particulars, but that is a very different proposition from the contention that the book account as such must be proven.

The other evidence produced by the plaintiff was legally sufficient, if the jury believed it, and the jury did believe it, to substantially establish those services.

It was given by plaintiff's employees, who were immediately connected with the work and its supervision, and whose recollection was largely aided by the daily memorandum slips above mentioned; and we place particular emphasis upon the circumstance, as one furnishing most persuasive support to the nature and amount of the services in question, that the defendant based thereon his claim under the insurance policy, for which he received full satisfaction from the insurance company.

This conduct operated as an admission, being the plain equivalent of saying to the insurance company, "Pay me what I owe the plaintiff for repairing the damage caused by the accident," and in light of this circumstance it is extremely difficult to explain his present repudiation of the plaintiff's claim.

Defendant further urges as supporting the charge of variance, that the memorandum slips and certain dunning letters offered in evidence show a credit given to the Hanover Brewing Company instead of himself, but we are unable to impute to this circumstance any such conclusive effect, although, of course, it had important

bearing upon the question whether defendant contracted for himself or for the company.

This brings us to another defense, viz.:

2. That the automobile belonged not to the defendant at all but to the Hanover Brewing Company, for whom he was manager, and for whom as' agent he made the contract.

This contention is set forth in the affidavit of defense as follows:

"First. That he did not contract, neither in his own name or in his own behalf, with the plaintiff, as set forth and claimed by the plaintiff in the declaration filed in this case; Second. That the automobile which plaintiff avers is repaired, and for which it furnished parts and materials, was the property of the Hanover Brewing Company, a corporation duly organized under the laws of the state of Pennsylvania; Third that as the agent of said company he did take said machine to the plaintiff to be repaired and informed plaintiff to whom the machine belonged."

The fact of ownership, of course, could not be regarded as conclusive but only as a collateral circumstance assisting determination of the main inquiry, whether the defendant or the brewing company should be held liable.

Defendant's ownership would naturally enhance almost to the point of demonstration, the probability of the inference that he was contracting for himself.

It was clearly a question of fact for the jury on a conflict of evidence, and in our judgment was properly decided.

The personality of the defendant was the outward, visible sign of the brewing company's existence.   He bought the automobile, paid for it with his own money, took out in his own name the license as well as the insurance, and apparently had exclusive private enjoyment.

All this, of course, was capable of being reconciled

with the opposite theory of the company's ownership, but it was for the jury and not for the court to effect the reconciliation.

On the other hand, the circumstance of the slip and the letters above mentioned had a persuasive bearing in favor of the defendant, but not such conclusive bearing as would remove the necessity of submitting the question on all the evidence in the case to the jury.

Bringing to a summary conclusion this opinion, without further elaboration of details, we say that the question of agency, the question of ownership, the question of services rendered, the question of performance, and all the connected questions in the case, were questions of fact for the jury on a conflict of evidence, which questions, as we believe, were decided in conformity with the law and the equities.

It should be observed that no exception was taken to the charge by either party.

Accordingly the motion for a new trial and for judgment non obstante veredicto are denied.

*Error assigned* was order refusing judgment for defendant n. o. v.

*W. Alfred Valentine,* with him *J. P. Lord,* for appellant.—When the book of accounts was rejected, the action failed: Vallee Bros. Electrical Co. v. Iron Co., 32 Pa. Superior Ct. 111; Acme Mfg. Co. v. Reed, 181 Pa. 382; White v. Sperling, 24 Pa. Superior Ct. 120; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Friedman v. Urmann, 28 Pa. Superior Ct. 440; Hale v. Hale, 32 Pa. Superior Ct. 37.

*Abram Salsburg,* with him *Mose H. Salsburg,* for appellee, cited as to the book account: Donahue v. Connor, 93 Pa. 356; Gibson v. Campbell, 242 Pa. 551; Little v. Fairchild, 10 Pa. Superior Ct. 211; Shoemaker v. Kellog, 11 Pa. 310; Adams v. Columbian Steamboat Co., 3

Wharton, 75; Todd v. Sherako Bros., 12 Kulp, 338; Clymer-Jones Lithographing Co. v. U. S. F. B. Co., 48 Pa. Superior Ct. 636.

PER CURIAM, April 27, 1914:

The controlling questions involved in this appeal, are, in our judgment, correctly disposed of in the opinion of the learned trial judge, and the questions are not of such general importance as to require further discussion.

The assignments of error are overruled and the judgment is affirmed.