## Barr *v.* Walsh, Appellant.

*Sales—Personal property—Lumber—Evidence—Book account.*

In an action of assumpsit to recover purchase price of lumber sold and delivered, the plaintiff averred in his statement of claim that the lumber had been sold and delivered by the plaintiff to the defendant at the defendant's special instance and request, "at the times and in the amounts set forth in the true and correct copy of plaintiff's account with the defendant, taken from plaintiff's book of original entries, hereto annexed." The books of original entries were not such as to be properly admissible in evidence and were not offered in evidence.

In such case, the plaintiff will not be precluded from showing, by other competent evidence, his right to recover for the identical lumber specified in his statement of claim.

Argued October 8, 1925. Appeal No. 20, October T., 1925, by defendant from judgment of Municipal Court, Philadelphia County, February T., 1924, No. 127, on finding for plaintiff in the case of C. L. Barr, individually and trading as Philadelphia Hardwood Flooring Company v. M. J. Walsh. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Assumpsit for material sold and delivered. Before Knowles, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $597.90. Defendant appealed.

*Errors assigned* were the various rulings on evidence.

*George H. Detweiler,* and with him *Graham C. Woodward,* for appellant.

*R. H. Woolsey,* of *Hassrick, Weinrott & Woolsey,* and with him *Edward E. Dicker,* for appellee.

OPINION BY PORTER, J., December 14, 1925:

This is an action of assumpsit, in which the plaintiff seeks to recover a balance alleged to be due for oak lumber sold and delivered to the defendant. The plaintiff averred in his statement that the lumber had been "sold and delivered by the plaintiff to the defendant at the defendant's special instance and request, at the times and in the amounts set forth in the true and correct copy of plaintiff's account with the defendant, taken from the plaintiff's books of original entries, hereto annexed." The defendant filed an affidavit of defense specifically denying that he had purchased any lumber from the plaintiff and averring that the lumber for which the plaintiff was seeking to recover was by the plaintiff sold and delivered to one McCloskey, with whom the defendant had contracted to furnish the labor and material for the flooring. The plaintiff recovered a judgment in the court below and the defendant appeals.

The contention of the appellant is that, because the statement filed by plaintiff averred that a true copy of plaintiff's account with the defendant, taken from the plaintiff's books of original entry, was annexed to and made part of the statement, the plaintiff ought not to have been permitted to recover upon oral evidence of an express contract for the sale of the

lumber, at prices agreed upon, and delivery of the lumber in accordance with the terms of the contract. This contention rests on the supposition that the cause of action is based upon the charges contained in the books of original entry. The appellant contends that the plaintiff in this case was required to produce books of original entry, of which the invoices attached to the statement were exact copies, and that the evidence which established an express oral contract to buy and pay for the lumber at a price agreed upon involved a variance between the allegata and probata, which ought to have prevented a recovery in this action. We cannot sustain this contention. The cause of action was the sale and delivery of the lumber to the defendant, for which he agreed to pay a definite price. The plaintiff's books of original entry, if properly kept, would have been evidence in support of the action, but not the only evidence by which the right of the plaintiff to recover might be established. The books of original entry kept by the plaintiff in the present case were not such as to be properly admissible in evidence and they were not even offered in evidence.    This, however, did not preclude the plaintiff from showing by other competent evidence his right to recover for the identical lumber specified in his statement of claim and the invoices thereto attached; Wilkes-Barre Automobile Co. v. Malinowski, 57 Pa. Superior Ct. 118.    The plaintiff did produce competent evidence which warranted a finding that he was entitled to recover for the lumber described in his statement and at the prices therein mentioned. The learned judge of the court below believed that evidence and the assignments of error must be dismissed.

The judgment is affirmed.