## J. E. Harshbarger Dairy v. Hoover.

*Robert J. Puderbaugh,* for plaintiff; *Robert A. Henderson,* for defendant.

PATTERSON, P. J., Dec. 5, 1929.—This is a bill in equity for an injunction restraining the defendant from engaging, directly or indirectly, in the milk business in the County of Blair on a route which he formerly served as an employee of plaintiff, and from soliciting the trade, patronage and customers of the plaintiff for one year, said bill averring that Kenneth Hoover, a former driver and salesman in the employ of the said plaintiff, entered into a written agreement with the plaintiff which provided that he, the defendant, would continue in the employ of the said plaintiff for a period of one year at a weekly salary, and that during said period the defendant, contrary to said agreement, established a business of his own and fraudulently and wrongfully solicited trade and patronage on milk routes which he had served as driver and salesman for plaintiff. Defendant, by his guardian *ad litem,* filed an answer, setting forth that said defendant was a minor at the time of his employment, and also at the time of the filing of this bill, and was, therefore, not bound by said contract in writing.

### Findings of fact.

1. That the plaintiff, J. E. Harshbarger, trading and doing business as J. E. Harshbarger Dairy, since and prior to the year 1924, has been engaged in the sale and delivery of milk at retail to his customers in the City of Altoona. That some time during the year 1924, the defendant, Kenneth Hoover, who is a minor, secured employment as a salesman and delivery-man on one of the routes of the plaintiff in said city and continued in this employment until Oct. 4, 1928.

2. That on March 5, 1928, plaintiff and defendant executed an agreement in writing. Said agreement provided that defendant would perform certain services as salesman and delivery-man on Route No. 1, in Blair County, for a period of one year, at a weekly compensation of $20, and said agreement further provided as follows: "The party of the second part [the defendant], in consideration of the salary heretofore agreed to be paid, further agrees not to engage, directly or indirectly, in a competitive business or to be employed by any person engaged in a competitive business within the term covered by the route or routes of which he may have had charge while in the employ of the party of the first part [the plaintiff] or within three squares of same for a term of one year immediately after his employment under this contract shall have ceased."

3. That on Oct. 4, 1928, defendant ceased to be an employee of the plaintiff and thereupon entered into business for himself in selling and delivering milk in the City of Altoona, part of his territory being within the route which he had followed during the time he was in the employ of the plaintiff.

4. That a preliminary injunction was issued by this court upon the presentation of plaintiff's bill, and the bill was served upon Kenneth Hoover in person. George Hoover, the father of the defendant, was appointed guar-

702

dian *ad litem* by the court, and he appeared and filed an answer for the defendant.

5. That the matter came before the court on bill and answer and was orally argued. It was stipulated at that time that plaintiff should file a demurrer to defendant's answer and written briefs should be furnished the court by counsel for the plaintiff and counsel for the defendant.

## Discussion.

There is, therefore, but one question for our consideration at this time, and that is, Is such a contract as the one in this case binding upon a minor who executed the same in his own writing? The law seems to be well settled in Pennsylvania that a person under the age of twenty-one years cannot make and execute such a contract. While it is true that there are cases by our appellate courts holding that infants are liable on their contracts for necessaries, we find numerous decisions to the effect that minors are not liable on any other form of contract. This rule of law has been laid down in Ruchizky *v.* De Haven, 97 Pa. 202; Shaw *v.* Boyd, 5 S. & R. 309.

"If there has been no deception, one who deals with a minor is helpless; even if the minor sells the goods, the dealer cannot recover their value:" Yubas *v.* Witaskis, 95 Pa. Superior Ct. 296; Frank Spangler Co. *v.* Haupt, 53 Pa. Superior Ct. 545; Kay *v.* Haupt, 63 Pa. Superior Ct. 16.

It has been held repeatedly by the Supreme Court that when it appears that judgment is entered upon a warrant of attorney signed by a minor, the judgment will be stricken off: Knox *v.* Flack, 22 Pa. 337; Allen *v.* Krips, 119 Pa. 1, 5; McClellan *v.* Pomeroy, 75 Pa. 410, 412.

In the case of Knox *v.* Flack, *supra*, the Supreme Court said: "This is a judgment entered on a warrant of attorney against a minor. . . . It is of no manner of importance what were the circumstances under which the bond was given, for the warrant is clearly void, and the judgment ought to have been vacated on the infancy being shown."

## Conclusions of law.

It appearing that Kenneth Hoover, the defendant, was a minor at the time he executed the written agreement with the plaintiff, dated March 5, 1928, and that he continued to be a person under the age of twenty-one years at the time of the filing of this bill, he was not bound by the covenant in said agreement which provided that he should not enter into the business of selling and delivering milk, either for himself or for any other person or persons, on the route that he had formerly sold and delivered milk while in the employ of the plaintiff.

That the injunction should be dissolved and the bill dismissed, at the cost of the plaintiff.

## Decree nisi.

Now, therefore, it is further adjudged and decreed that the bill of injunction heretofore granted is hereby dissolved, and the bill in equity filed by plaintiff is hereby dismissed, at the cost of the plaintiff. This decree to be entered as a decree *nisi*, and the prothonotary to give ten days' notice to the counsel representing the respective parties hereto, and if no exceptions be filed, the same to become the final decree of this court. If exceptions are filed, the same shall be placed on the argument list as provided by the Equity Rules.

From Robert W. Smith, Hollidaysburg, Pa.