## Mullen et al., Appellants, *v.* Slupe et al.

Argued September 30, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph M. Loughran*, for appellants.

*Robert W. Smith,* with him *Sidney J. Watts, William Steel, Baker & Watts* and *Smith, Best & Horn,* for appellees.

OPINION BY MR. JUSTICE JONES, November 8, 1948:

This is an appeal from an order striking off a judgment entered pursuant to a warrant of attorney. The question involved is whether the defendant donor of the power so exercised had authority to confess judgment against the other parties defendant. The learned court below was of the opinion that no such authority had been shown and, accordingly, struck off the judgment upon the defendants' petition. From that action, the plaintiffs took the present appeal.

The warrant of attorney relied upon was contained in a written agreement for the rental of a certain stripping shovel. The agreement named as parties thereto "Wall Coal Company, a Pennsylvania Partnership, having its principal office in the City of Greensburg, State of Pennsylvania, . . . the Lessor" and "Parkhill Mining and Contracting Co., of 4 Glass Street, Carnegie Penna., a Partnership, Registered under the laws of Pennsylvania, . . . the Lessee." The agreement was signed for Parkhill Mining and Contracting Co. by H. W. Findley, Prod. Mgr. (i. e., production manager). As declared by the plaintiffs, the judgment covered items of rental and repairs to the shovel for which the lessee was allegedly liable and was confessed against W. L. Slupe, Patricia A. Findley, Mary Lou Findley, Ella A. Findley, Jean M. Philippbar and Harry W. Findley, trading as Parkhill Mining and Contracting Co.

Nowhere does the record contain any averment of the warrant. The plaintiffs rely solely upon an assumption of implied authority in Findley by virtue of the allegation in their declaration that he and the other express authority in H. W. Findley to confess a judgment against his co-defendants. In fact, their names do not even appear in the written agreement containing

named defendants were trading as Parkhill Mining and Contracting Co. There is no averment, however, that H. W. Findley was a partner or that he and Harry W. Findley were one and the same. Indeed, the inclusion of H. W. Findley as an ostensible partner was not warranted by the record facts as we shall hereinafter see.

However, viewing the record in a light more favorable to the plaintiffs than the facts entitle them and assuming, for the moment, that H. W. Findley was a partner of the Parkhill company, he would not derive from that relationship as a matter of law any authority to confess judgment against the partnership or the other partners. Sec. 9 of the Uniform Partnership Act of March 26, 1915, P. L. 18 (59 PS § 31) provides, in presently material part, that ". . . (3) Unless authorized by the other partners, or unless they have abandoned the business, one or more but less than all the partners have no authority to: . . . (d) Confess a judgment, . . ." (There is no allegation that the Parkhill partners had abandoned the business.) The effect of the quoted provision and the change it wrought in existing law was clearly stated by the late Judge KELLER in *Fairman Bros. v. Ogden Gas Co.*, 106 Pa. Superior Ct. 130, 135, 161 A. 634, in the following language: "Prior to the enactment of the Uniform Partnership Act of 1915 . . . , the law of this state was that, without the consent of his copartners, one partner could confess a judgment for a partnership debt, which could be enforced by execution against the partnership property, as well as the individual property of the partner confessing judgment, but which was without effect as to the separate estates of the partners not joining in the confession: [citing cases]. But this was changed by the Uniform Partnership Act, supra, which, in section 9 (3) provides: [as quoted hereinabove]. While this may have been declaratory of the law in other jurisdictions it effected a radical change in Pennsylvania." The Superior Court thereupon held that a judgment note

given by one partner in payment of a partnership debt was legally incapable of authorizing the entry of a judgment by confession binding upon the partnership property or the other partners individually. And, the construction so placed upon the cited provision of the Uniform Partnership Act by the *Fairman* case was expressly approved by this court in an opinion by our present Chief Justice in *Jamestown Banking Company v. Conneaut Lake Dock & Dredge Co.*, 339 Pa. 26, 31, 14 A. 2d 325.

The question of implied authority is not even germane to the facts of this case. The record fails to establish competently that either H. W. Findley or Harry W. Findley was a partner in the Parkhill company. Plainly, therefore, anything less than express authority from the principals of the partnership to H. W. Findley was insufficient in law to empower him to confess a judgment against the partnership. Nor have we failed to recognize the slight implication to be drawn from the bald allegation in the plaintiffs' declaration that the defendants, including Harry W. Findley, were "trading as Parkhill Mining and Contracting Company." Exhibit "A" of the plaintiffs' declaration, being a copy of the rental contract, specifically identified the Parkhill company as a partnership *registered* under the laws of Pennsylvania and domiciled in Carnegie (Allegheny County), Pennsylvania. With such affirmative but partial showing, it was incumbent upon the plaintiffs to complete the record by averring the names of the members of the partnership as disclosed by the registration which the plaintiffs' exhibit had brought upon the record by direct reference. It will be recalled that none of the defendants (save for H. W. Findley) had either signed or otherwise appeared on the instrument containing the warrant. The plaintiffs having failed to furnish the requisite information, the defendants properly supplied the omission by attaching to their amended petition to strike off a copy of the registration of the Parkhill

company, duly certified by the Prothonotary of Allegheny County. The certificate did not show either H. W. Findley or Harry W. Findley as a partner of the Parkhill company. Nor did the authenticated registration constitute matter *dehors* the record. The official public information which the defendants thus introduced by their amended petition supplied a patent omission with respect to material matter which it was the plaintiffs' duty to establish *in limine* and for which their declaration actually gave the source reference.

Where a fact, not originally appearing of record, would render a judgment void, it may be put upon the record by amendment. And, especially, as stated by Mr. Chief Justice MITCHELL in *Lawrence v. Smith*, 215 Pa. 534, 536, 64 A. 776,—". . . a fact which though not on the record [can] be regularly put there on the basis of something that was really a part of the record though omitted." In *Citizens National Bank v. Hileman*, 233 Pa. 432, 437, 82 A. 770, this court reversed and ordered a judgment stricken off because depositions showed that it had been entered upon a defunct warrant. The course so pursued was rested upon the rule as stated in *Long v. Lemoyne Borough*, 222 Pa. 311, 318, 71 A. 211, that "As a general rule a judgment, regular on its face, will not be stricken off, but when it is entered wholly without authority it may be stricken off, for it is no judgment at all so far as it affects the rights of the defendant." The *Lemoyne* case in turn had but restated the rule as laid down in *Bryn Mawr National Bank v. James*, 152 Pa. 364, 366, 25 A. 823. In that case (involving an attorney's lack of warrant), the striking off, which this court approved, depended upon findings of fact made by the court below from disputed testimony. In the *Lemoyne* case, just as in the *Citizens National Bank* case, supra, the lower court had refused to strike off the assailed judgment. But, this court reversed and struck off the judgment on the basis of an *extrinsically* proven noncompliance with the resolution of the borough council

authorizing the execution of the notes upon which the judgment had been confessed. There can be no doubt that among the powers of a court over judgments entered by warrant of attorney is the power to strike off a judgment "for cause appearing on the record, and also for causes that may be made to appear by evidence": see *Hutchinson v. Ledlie*, 36 Pa. 112, 113-114. The justification for the existence and propriety of such power, so well expressed a hundred years ago by Mr. Chief Justice LEWIS in *Banning v. Taylor*, 24 Pa. 289, 291-294, is no less present today.

The appellees have moved to quash the appeal on the ground that it was taken out of time. However, we need not now decide whether the order originally entered by one of the judges of the court below was final and, consequently, an appealable order. The learned judge evidently did not so regard it, as the court en banc subsequently entered a further order making absolute the rule to strike off; and from the entry of that order, the present appeal was taken timely. The motion to quash will, therefore, be dismissed *pro forma*.

Order affirmed at appellants' costs.