## The First National Bank of Allentown v. Hollenbach

*Edwin K. Kline, Jr.*, for plaintiff.
*Brennen & Riley*, for defendant.

HENNINGER, P. J., September 11, 1962.—On September 9, 1960, defendant executed and delivered to plaintiff a judgment note for $12,299, on which judgment was entered by confession for $11,400 on February 23, 1961.

On February 16, 1961, defendant was declared an incompetent by the Orphans' Court of Lehigh County and Lehigh Valley Trust Company was appointed guardian.

On July 9, 1962, the guardian moved this court to strike off the judgment to above term and number as improperly entered against an incompetent.

Since this is a motion to strike, it must be decided solely upon the record: Shuchman, Pennsylvania Judgment Notes, §45.1; Kros v. Bacall Textile Corporation, 386 Pa. 360, 366; Fidelity America Financial Corporation v. Bassman, 393 Pa. 613, 616.

This principle, however, does not prevent us from using other undisputed court records to determine whether defendant is a person against whom judgment by confession may be taken: Mullen v. Slupe, 360 Pa.

485, 488; Century Credit Company v. Jones, 196 Pa. Superior Ct. 210, 212.

The undisputed record facts, therefore, are that defendant, *before* being declared incompetent, executed a promise to pay with a confession of judgment and that judgment was confessed thereon *after* she had been judicially declared incompetent.

The Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, sec. 511, 50 PS §3511, provides in part:

"An incompetent shall be incapable of making any contract or gift or any instrument in writing after he is adjudged incompetent and before he is adjudged to have regained his competency. . ."

It will be seen that the above section does not apply to our case because both the obligation and the warrant to confess judgment were executed prior to an adjudication of incompetency. We assume then for the purposes of disposal of the motion to strike, being barred from consideration of matters dehors the record, that defendant is indebted to plaintiff for the amount claimed and that the note evidencing the debt is valid.

It follows then that the power of attorney to confess judgment is one coupled with an interest and is, therefore, irrevocable at the will of the grantor of the power. It does not follow, however, that such a power is under all circumstances effective until the obligation is fully performed.

It is hornbook law that such power becomes ineffective upon the death or legal incapacity of the grantor. Despite the language of section 28 of the Act of February 24, 1806, P. L. 334, 12 PS §739, authorizing confession of judgment, it has been held that the power to confess is revoked by the death of the maker: Lanning v. Pawson, 38 Pa. 480, 486; Ehnes v. Kissinger, 364 Pa. 334, 336; The Kingston National Bank v. Walters, 163 Pa. Superior Ct. 624, 628. So also a

confession of judgment by a minor was held to be void and that irrespective of the validity of the debt itself: Knox v. Flack, 22 Pa. 337, 339.

When we come to the case of an incompetent, we find what confronts one so often in hornbook law, that the hornbook cannot be located and that the cases are absent or equivocal.

In the cases cited by defendant, the questioned obligation was entered into after an adjudication of incompetency and, therefore, the obligation itself was suspect.

Plaintiff's diligence has produced two cases and two text citations to the effect that a judgment by confession may be entered against one found to be incompetent after execution of the judgment note, but before judgment has actually been entered thereon. These are Spencer v. Reynolds, 9 Pa. C. C. 249, and Homer City National Bank v. Mahan, 3 D. & C. 35; Klein, Judgment by Confession in Pennsylvania, page 52; Shuchman, Pennsylvania Judgment Notes, §24.1, page 87.

It is at once apparent that the texts are based upon the above-cited decisions and add no weight to them. The Mahan decision rests upon the Reynolds case, but represents the independent thinking of Judge Langham. In neither of these cases is it clear whether there had been an *adjudication* of incompetency prior to entry of the confessed judgment.

At about the same time, 1922, as the Reynolds decision, Judge Wickersham, of Dauphin County, in Burris v. Kain, 1 D. & C. 693, opened a judgment entered by confession after an adjudication of lunacy. Plaintiff points out that the judgment was opened rather than stricken. Without knowledge of the facts, we suspect that in the common confusion between opening and striking, the petition of the committee was to open rather than to strike and the order of the court was in pursuance of the prayer of the petition and it is not

to be interpreted as opposing the striking off of a judgment entered by confession against an adjudicated incompetent.

There is language in the Kain decision which could support an order to strike:

"It thus appears from the records of this court that, at the time judgment was entered upon said note to the number and term above stated, Elias Kain was a lunatic and his person and estate were in the hands of a committee appointed by this court; in other words, Elias Kain, at the time judgment was entered, was legally dead. . ."

Confession of judgment is in derogation of the common law, and the acts authorizing it are to be strictly construed: Jameson Piano Co. v. Earnest, 86 Pa. Superior Ct. 586, 588. The validity of a contract with a minor, an incompetent, or with a person who is later deceased, involves only the parties concerned, but the added agreement to confess judgment is one that involves the courts as well. That criterion distinguishes confession of judgment from, for instance, the power to transfer title to shares of stock, which remains valid after death or incompetency. For this reason, although the two agreements may be combined into one instrument, it is our opinion that different rules apply to them.

This obligation between plaintiff and defendant may be perfectly valid and indefeasible. Plaintiff apparently was satisfied to remain an unsecured creditor of defendant until after defendant's assets had passed into the custody and control of her guardian. To allow plaintiff thereafter to obtain an adjudication of the obligation of the debt and to obtain a lien on defendant's realty is to put administration pro tanto of the incompetent's estate into the hands of a creditor instead of in the hands of the court and its appointee. We believe a plaintiff should not be given this power.

The danger, cited in the Mahan and the Reynolds decisions, that to deny the right to confess judgment against an incompetent would encourage entry of judgment at once in all cases appears to us to be fanciful. Every creditor who holds an unentered judgment note takes greater chances on alienation of real estate, bankruptcy or other judgments, than on death or incompetency of the debtor. In fact, having elected not to exercise his opportunity to become a lien creditor, he is assured of a fair and complete administration of all of the assets of the debtor.

In this case, if the incompetent's estate is insolvent, it would be unfair to permit one who chose to remain an unsecured creditor, to become a secured and preferred creditor at will after the incompetent's estate has passed into the jurisdiction of the court.

If the incompetent's estate is solvent, and we believe it is, then whether plaintiff is a secured or an unsecured creditor becomes unimportant, for its claim, if valid, will be taken care of.

We strike this judgment more readily for two reasons, (1) because if we did not strike, we would allow the guardian to petition to open the judgment, and (2) we have that authority under Pa. R. C. P. 2056.

Plaintiff argues that, on the authority of Century Credit Company v. Jones, 196 Pa. Superior Ct. 210, we may not entertain a rule to open based upon the following language (p. 214):

"Most certainly the petition to strike off the judgment was a proper remedy for the guardian of the incompetent to use in attacking the validity of the judgment confessed by his ward. Knox v. Flack, 22 Pa. 337 (1853); Stevenson v. Virtue, 13 Pa. Superior Ct. 103 (1900). The motion to strike off a judgment entered by confession necessarily has to do with the regularity of the record and could not be based on the

equities of the situation. The court below pointed out that he could not convert the rule to strike into a rule to open. Young v. Mathews Tr. Corp., 383 Pa. 464, 119 A. 2d 239 (1956). It seems to follow if the court could not convert the rule to strike into a rule to open, where it was determined that the petitioner was not entitled to the rule to strike, then, if the petitioner were entitled to the rule to strike, the court, even for equitable reasons, could not deny the motion and give him leave to later file a petition to open as a substitute remedy therefor. . ."

We do not so interpret that language. True we cannot, contrary to many statements otherwise, convert a rule to strike into a rule to open. We could, however, deny the motion to strike without prejudice to defendant's right to present a petition to open.

As we understand the above-quoted language from the Jones case, we may not ignore defendant's right to a motion to strike by offering him, as a sop, a motion to open. We are, therefore, bound to decide this case on the present motion, although practically the same result would be accomplished, assuming solvency of the debtor, by an opening of the judgment. Pennsylvania Rule of Civil Procedure 2056(d) provides:

"If, at any time after the conclusion of the trial, or after the entry of a finding, verdict or judgment against a party from whom relief is sought, the court shall find that such party was incompetent at the time of the entry of such finding, verdict or judgment and was not represented in the action by a guardian or a guardian ad litem, the court may vacate the finding, verdict or judgment and may enter an order in the nature of a procedendo. . ."

While the vacating of a judgment is discretionary with the court under the above-cited rule, it is most unlikely that we would fail to exercise our discretion in favor of the incompetent.

Faced as we are with the necessity of coming to a decision upon the exact question raised (Century Credit Company v. Jones, supra), we vacate the judgment without any inference whatsoever as to the validity or invalidity of plaintiff's claim against defendant.

Now, September 11, 1962, the rule to strike off the judgment heretofore entered in above-captioned action is made absolute, and the judgment heretofore entered is stricken and vacated without prejudice to plaintiff's right to proceed on its obligation before any competent tribunal.