## Freeman, Appellant, *v.* Pittsburgh Railways Co.

Argued October 1, 1930.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles G. Notari,* with him *Thomas M. Marshall,* of *Marshall & Marshall,* for appellant, cited: Young v. Cab Co., 87 Pa. Superior Ct. 294; Cameron v. Traction Co., 216 Pa. 191; Sikorski v. Ry., 260 Pa. 243; Tripp v. Boro., 75 Pa. Superior Ct. 417; McConnell v. R. R., 223 Pa. 442; Boggs v. Tea Co., 266 Pa. 428; 49 C. J. 807.

*D. H. McConnell,* with him *J. R. McNary,* for appellee, cited: McConnell v. Transit Co., 89 Pa. Superior Ct. 316; Ruling Case Law 611.

Opinion by Mr. Justice Frazer, November 24, 1930:

On the evening of August 22, 1927, shortly after nine o'clock, plaintiff, aged 65 years, was injured while alighting from a car of defendant company at a regular car stop, at Duff Street and Wylie Avenue in the City of Pittsburgh. At the trial a nonsuit was entered by the court below which it subsequently refused to take off, assigning for its sole reason that the testimony failed to sustain the allegations as to the manner of the happening of the accident as set forth in plaintiff's statement of claim.

Plaintiff's statement avers that the car from which she alighted was brought to a stop partly abreast a passageway provided for passengers leaving and entering the cars, which situation plaintiff called to the attention of the servants of defendant company operating the car, "but notwithstanding her protest, the defendant's servants insisted that she get off the car while it was standing in said position," and "while the plaintiff was with due care alighting from said car onto said platform, by

reason of the car not being up to the platform, she fell from said platform with great force and violence."

The evidence establishes that plaintiff was a passenger in defendant's car, that the cartway in Wylie Avenue was at the time undergoing repairs and that a passageway or walk about eight feet in width had been provided by placing cross ties on the excavated portion of the street, at the car stop, extending between the sidewalk and the car tracks, and that it was customary for cars to stop with their doors fully abreast the passageway to take on and discharge passengers. While plaintiff's testimony is confusing to some extent by her use of the words "little bridge" and "platform" in referring to the indicated passageway, it must be borne in mind that both she and her witnesses were uneducated persons and at times were somewhat disconcerted in testifying. Although the statement of claim is inartistically drawn, it conveys ample notice to defendant of plaintiff's claim that it was by reason of the former's negligence in not stopping its car at a safe place to discharge passengers and thus permit plaintiff to alight in safety on the "platform," as she termed the cross-tie walk, and by reason of such negligence plaintiff fell, while alighting, to the excavated portion of the street, receiving the injuries complained of. Any conflict that might exist as to the use of the words "little bridge" and "platform" in connection with the happening of the accident, between the statement of claim and plaintiff's own testimony is made clear by the testimony of the two women who accompanied her and witnessed the accident; both testified the car was provided with two center doors, separated by an upright post, that the right-hand door opened on the "platform," meaning the passageway constructed of cross ties, and that the door at the left was beyond the "platform," that the witnesses passed out through the door at the right, stepping on the passageway while plaintiff passed through the door at the left and instead of alighting on the "platform" fell into the excavated cartway.

Defendant's contention is that the nonsuit was properly entered because of a material variance between plaintiff's allegations and her proofs. To sustain this contention it must appear that the variance is substantial. If the proof corresponds to the substance of the allegation, a variance is not established; in determining this question the entire pleadings and evidence must be considered and if the latter substantially proves the former, a variance does not exist. Here we do not have a situation that in any manner tended to mislead defendant to its prejudice; its employees undoubtedly were fully aware of the street's condition and the existence of the passageway. The statement set forth an injury received by a passenger while leaving one of defendant's cars at a regular stop and it is of no consequence, so far as the case now before us is concerned, whether she fell from the car to the passageway or from the passageway into the excavated portion of the street, because of failure of the operators of the car to stop at the proper and safe stopping point. The actual cause of plaintiff's injury as alleged in her statement of claim was the negligent stopping of the car at an unsafe place, and there is ample evidence to sustain that contention if believed. After reading the entire testimony we are of opinion that the statement of claim is sufficient to put defendant on notice of plaintiff's contention and that a variance should not be sustained.

Judgment reversed and a procedendo awarded.