## Kobillis *v.* Baranowski, Appellant.

42

Argued October 28, 1930. Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*J. A. Welsh*, and with him *W. H. Unger & Son*, for appellant.

*C. K. Morganroth*, for appellee.

Opinion by Gawthrop, J., January 30, 1931:

On August 15, 1927, plaintiff brought suit to recover from defendant the down money paid under a parol contract for the purchase of defendant's hotel property, in which the latter did a retail liquor business under a license issued by the court of quarter sessions of Northumberland County. Plaintiff averred in his statement of claim that on or about August 25, 1922, defendant agreed to sell him a certain hotel property in Marshallton, Northumberland County, for $5,000, "with the express understanding and agreement that plaintiff make application to the court of quarter sessions of Northumberland County for a license to sell liquors, and that if the said application was refused the agreement for the sale of the said property was to be voided and of no effect, and the down money paid to said defendant by said plaintiff, to wit, the sum of $500, would be returned to the plaintiff by said defendant;" that he paid to defendant $500 in cash as part payment of the consideration, and defendant then and there agreed that if the "application" to said court for a license be refused defendant would repay him the $500; that at the next succeeding session of said court he made application for a license to sell liquors "on the said premises ......, and that subsequently thereto defendant informed plaintiff that he (defendant) had a better offer for his said property, ...... and that he would object to the granting of the said application for a liquor license;" that he would not convey the premises to him, and that he would return to him the $500 paid. In his affidavit of defense defendant admitted that he agreed to sell the property to plaintiff for $5,000, and that he received $500 on account of the purchase money. He averred that the understanding and agreement between the parties was that if plaintiff failed to pay the balance of the purchase money when a deed was tendered

to him the down money was to be retained by defendant as liquidated damages. He denied that the agreement contained any conditions or stipulations relating to a liquor license, and averred that plaintiff was duly notified of the execution of the deed, but refused to complete the purchase, and that pursuant to the agreement he retained the $500 as liquidated damages. After a trial upon the issues thus raised, the jury returned a verdict for plaintiff and defendant has appealed from the judgment entered thereon.

At the trial plaintiff testified that the agreement between him and defendant was that "the license was to be transferred to my name whenever I should bring the $4,000," and that defendant told him to "go and get your papers," and that he "got the papers," but defendant would not sign the consent to transfer the license and for that reason "the application did not go through court." A member of the Northumberland County bar, called as a witness in behalf of plaintiff, testified that he prepared for plaintiff a petition for the transfer of a liquor license to him from defendant, and that plaintiff got the signatures to the petition, but that it was never presented to the court because the signature of defendant was not obtained. At the close of the testimony counsel for defendant moved to strike out "all the evidence relative to any conversation or any testimony predicating the plaintiff's case on the question of the transfer of the license, for the reason that in the plaintiff's statement of claim there is no allegation that the defendant would transfer or consent to a transfer of the license." The motion was denied. The jury returned a verdict for plaintiff for $500. Defendant appeals from the judgment entered on the verdict.

The only question raised which merits discussion is whether there was such a material variance between the allegations and the proofs that the court should

have granted defendant's motion for binding instructions, in which the variance was assigned. The court below answered the question in the negative and, we think, correctly so. Defendant was the holder of a liquor license for the premises which plaintiff contracted to buy. Therefore, the averment in the statement of claim that the consummation of the sale of the property was to depend upon the granting of plaintiff's application to the court for a liquor license necessarily related to an application for a transfer of the existing license and defendant must have so understood it. As stated in the opinion of the court below, the consent of the holder of a liquor license to a transfer was a pre-requisite to the granting of an application therefor. In the circumstances plaintiff's testimony that the consummation of the sale was to depend upon his successful application for a transfer of the license, and that defendant blocked the transfer by refusing to consent thereto, did not amount to a substantial divergence between the allegations and the proofs. Even if there was a technical variance it was wholly immaterial and in no manner affected the trial on the merits. The same defense was presented as if the statement of claim had alleged that the application was to be for a transfer of the license. See Freeman v. Pittsburgh Railways Company, 301 Pa. 490. In such circumstances the court below could, as he did, treat the statement of claim as if amended, so as to conform strictly to the evidence produced at the trial. This was a proper exercise of discretion. It tended to promote the due administration of justice. Defendant was deprived of no substantial right: Theisen v. Pittsburgh Rys. Co., 256 Pa. 475. In that case Judge WALLING said: "It would be a blemish upon the law if such formal amendment could not be made without the necessity of granting a new trial." This was such

an amendment as has frequently been allowed even in the appellate courts: Allen & Hall v. Roberts, 85 Pa. Superior Ct. 279; Lycoming County Mutual Ins. Co. v. Schollenberger, 44 Pa. 259.

The judgment is affirmed.