## Surant v. Ostroski

*Charles S. Haselnuss* and *Carl E. Geuther*, for plaintiff.

*Lloyd Goman* and *Edwin A. Howell*, for defendant.

BROOMALL, J., August 9, 1935.—Plaintiff recovered a verdict against defendant for the support of her child, alleging that defendant is the child's father. Defendant has filed motion for judgment n. o. v. and also motion and reasons for a new trial. Upon the argument before the court en banc, the motion for a new trial was not pressed.

Plaintiff upon the trial offered in evidence a paper dated September 10, 1929, signed by defendant in the following words: "I, Jacob Otroski, of 1403 E. 12th St. Eddystone, Del. Co, Pa. Do hereby agree to give to Mary Durant of Miller and Madduck Ave. Crumlynn Del. Co. Pa. Four dollars per week for the support of her child Edward 4 years old." This was sworn to before an alderman by defendant and his signature thereto witnessed. Defendant denied being the father of the child or that he signed the agreement in question. Plaintiff

proved that at the time the agreement was signed criminal proceedings were pending before the same alderman which were not pressed after signing of the agreement. Plaintiff testified that defendant made three or four payments of $4 each after the agreement was entered into. Defendant admitted these payments. Plaintiff, upon the failure of defendant to comply with the agreement, instituted at least two other criminal proceedings against defendant for the support of the child. In one the grand jury ignored the indictment and the other was noll prossed without any order for support. Under the charge of the court the jury found that defendant executed the agreement and is the father of the child.

The first reason assigned for judgment n. o. v. is that the trial judge erred in admitting evidence of consideration as none was set forth in the statement of claim. No consideration is set forth in the statement. However, the question of the sufficiency of the statement must be raised before trial. Under the Practice Act of May 14, 1915, P. L. 483, if defective in form, a rule to strike off should be entered under section 21 and if defective in substance an affidavit of defense in lieu of demurrer under section 20. Upon failure to do either, defendant is not entitled to a compulsory nonsuit because of the general character of the statement: King et al. v. Brillhart, 271 Pa. 301, 305. In fact the rule is that where an affidavit of defense in lieu of demurrer is overruled, a defendant cannot afterwards move to strike off because the statement is defective in form: Cameron v. Fishman, 291 Pa. 12. In the instant case the affidavit of defense on the merits sets up the lack of consideration as a defense. This case having been tried on the merits, we will treat the statement of claim as if amended to conform with the evidence submitted. This deprives defendant of no substantial right: Kobillis v. Baranowski, 102 Pa. Superior Ct. 41, 45. The cases cited by defendant in support of his contention are all prior to the Practice Act of 1915 except Haslam v. American Auto Club, Inc., 15 Berks 30 (1922), where

an affidavit of defense in lieu of demurrer was sustained with leave to amend. This is in accordance with our decision in this case.

The second reason assigned is that the agreement is vague, uncertain and indefinite because no time is fixed when the payments under the agreement shall cease. The child in question is now about ten years of age. The recovery had by agreement of the parties included support of the child to the date of the trial. There can be no question as to the requirements for support until that time and the question really arises under the agreement as to when it shall cease. Generally speaking, support of one person by another is only necessary so long as it is required. If the child becomes self-supporting defendant would be relieved of the contract. It would of course be terminated by death of the child and in fact, the agreement being a personal one with defendant, his estate would not be liable for any amounts accruing after his death. Viewing the case in this light we fail to see wherein the contract is in any way vague, uncertain or indefinite. The intention of the parties, which must be given effect in order to properly construe the agreement, was not that the support payable weekly should continue indefinitely, but only so long as the same should be necessary. The rights of defendant on this question can be protected at the proper time. Judge Schaeffer, President Judge of Berks County, carefully reviewed the legal meaning of support in Commonwealth v. Gilmore, 97 Pa. Superior Ct. 303, affirmed on the opinion of the court below.

Defendant cites Edgcomb v. Clough, 275 Pa. 90, in support of his contention that "An indefinite or uncertain contract cannot be enforced" with which we agree. The court there said on page 104, citing Beaver v. Slane, 271 Pa. 317, that: "For the validity of an executory contract, the promise or the agreement of the parties to it must be certain and explicit, so that their full intention may be ascertained to a reasonable degree of certainty.

Their agreement must be neither vague nor indefinite, and, if thus defective, parol proof cannot be resorted to". It is not necessary to resort to parol proof in this case; the intention of the parties is clear and easily ascertained with a reasonable degree of certainty. This case and the other cases cited by defendant are not in point.

The instant case is in line with the decision in Rossmassler et al. v. Spielberger et al., 270 Pa. 30, where the court said at pages 40, 41:

"Appellants' error arises from assuming that because no period of duration is stated, the contract must be held void for uncertainty; whereas the courts will always deduce the term from the nature of the subject-matter, if it is at all possible so to do. 'The law does not favor, but leans against the destruction of contracts because of uncertainty. Therefore, the courts will, if possible, so construe the contract as to carry into effect the reasonable intention of the parties if that can be ascertained. Though there are some formal imperfections in a written contract, still it is sufficient if it contains matter which will enable the court to ascertain the *terms and conditions on which the parties intended to bind themselves.* The maxim, Id certum est quod certum reddi potest, applies': 6 Ruling Case Law 645. 'Apart from contracts which, from their inherent nature, imply a power of revocation, it would seem that the intention of the parties to an agreement, that it should be perpetual and without limit as to duration, could not be more properly expressed than by silence as to any time limit or power of revocation. Although there appears to be some authority to the contrary, the rule seems to be that where no limitation is expressed in the agreement, neither party can terminate it without the consent of the other, *unless the making of the contract itself indicates with sufficient clearness that the parties must have intended some other determination':* Ibid. 895." (Italics ours.)

The remaining question raised is that there is no obligation under the common law of an admitted father to

support a bastard child, hence there was lack of consideration. This is really the first question raised here put in another way. The trial judge in submitting the case to the jury charged that unless they found under all the evidence that defendant was the father of plaintiff's child, there could be no recovery. The paternity of the child, as well as the execution of the contract by defendant, were both jury questions under the evidence.

In Swartz v. Bachman, Admr., et al., 267 Pa. 185, the court in reviewing some Pennsylvania cases on valuable and moral considerations, said, page 192:

"Rohrheimer v. Winters, 126 Pa. 253, is also a contract case, growing out of a 'fornication and bastardy' adjustment. It may be said in this connection (as noted by Chief Justice Gibson, in Maurer v. Mitchell, 9 W. & S. 69, 71), that, under our law, fornication and bastardy charges may be settled 'on agreement between the parties,' and hence contracts for the support of the child and mother are in no sense illegal or based on a mere moral consideration; wherein such cases differ essentially from the one before us, involving (as it does) the crime of adultery, which cannot in any manner be contractually settled between the guilty parties. Moreover, in Rohrheimer v. Winters, like the other cases cited by appellant, the rights of creditors were not involved."

We think under the facts that the case was properly submitted to the jury and that the verdict should not be disturbed.

And now, to wit, August 9, 1935, motions and reasons of defendant for a new trial and motion for judgment non obstante veredicto are refused and dismissed.

From William R. Toal, Media.