Ross *v.* Pennsylvania Underwriters Company,
Inc., Appellant.

Argued April 27, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frederick E. Milligan,* for appellant.

*Morris Feldstein,* for appellee.

OPINION BY JAMES, J., September 30, 1936:

On January 1, 1931, the plaintiff and defendant in the court below entered into a written contract whereby the plaintiff was appointed agent to solicit applications for insurance in Braddock, Pa., and adjacent territory. This contract was supplemented by a further written agreement whereby plaintiff was appointed as a district manager. Under the supplemental agreement, plaintiff was to receive a monthly allowance of $75 for traveling expenses and a salary of $100 per month, payable semi-monthly on the fifteenth and last day of each month. The supplemental agreement provided: "This contract is based upon an annual paid for production during each contract year of Three Hundred Thousand Dollars ($300,000.00) of new Life Insurance with average annual premiums of Twenty-Five Dollars ($25.00) per thousand, of which amount a minimum of Two Hundred Thousand Dollars ($200,000.00) shall be produced by your subordinate agents." In his statement of claim, plaintiff alleged that he had performed all the duties required under the contract until October 31, 1931, on which date he refused to continue his services because of violations of the contract by defendant. He sued for the traveling expenses and salary due from August 15, 1931, plus certain renewal commissions against which were to be credited office rent due from plaintiff and certain premiums collected by him leaving a balance due of $197.55. In the affidavit of defense it was alleged that plaintiff had failed to perform his duties as district manager as required under the contract; that he failed to appoint, train and supervise agents as required by the contract; that he had his sub-agents pay certain net premiums to himself as district manager instead of to the defendant in violation of the contract that the agent shall remit to the principal the full amount of all premiums collected without deductions for any claims due him; and that plaintiff was short

both in volume of production and in amount of premiums received. It was further averred that plaintiff was discharged on August 15, 1931 by reason of his defaults and violations of the contract. Defendant filed a counter-claim for $268.55, premiums collected and retained by plaintiff in violation of his contract to pay over to the company the full amount of all premiums collected by him without any deduction whatever; to which plaintiff replied that the premiums collected had been retained by him under a verbal agreement whereby he was authorized to retain said amounts and credit them against any moneys due and owing from defendant to him. Defendant's motion for a non-suit and its written point for binding instructions were refused. The trial resulted in a verdict for the plaintiff for the full amount of the claim; defendant's motion for judgment non obstante veredicto was refused and judgment entered, from which this appeal was taken.

Appellant bases its defense to be relieved of payment of the allowance of traveling expenses and salary upon the following portions of paragraphs 25 and 26 of the supplemental contract: "25. This allowance shall be subject to reduction or discontinuance at any time without notice if in the judgment of the Pennsylvania Underwriters Company, Inc. the results being accomplished do not justify its continuance. 26. The Pennsylvania Underwriters Company, Inc. reserves the right to discontinue the salary at any time without notice to you in event a satisfactory volume of new insurance is not produced under this contract." In relying upon these paragraphs, appellant overlooks paragraph 17 of the original contract and paragraph 32 of the supplemental contract which provide: "Either party to this contract may terminate it by giving to the other party thirty days' notice in writing to that effect." Under paragraphs 25 and 26 written notice of the discontin-

uance of traveling expenses and salary was unnecessary, but in order that either the agency or managerial contract be terminated, thirty-days' notice in writing was required, and from the testimony in this record, the discharge as fixed by the appellant was an absolute severance of all business relations between the parties and to all intents and purposes was a termination of the contract. However, in view of the verdict of the jury, the character of the notice becomes unimportant.

Under the terms of the contract, appellant undoubtedly had a right to discontinue the allowance of traveling expenses and salary, but not as to expenses or salary for a period that had already expired. A discontinuance could only apply as to future claims but not to such expenses or salary as had been expended or earned. Neither are we persuaded by appellant's argument that as the amount of expenses and salary paid to August 15, 1931 was in excess of the proportion that the amount of insurance written bore to the amount required to be written for the entire year, appellee was not entitled to recover expenses and salary. The contract was based on yearly production and not a portion of the year, while the salary and expenses were payable semi-monthly.

On a motion for judgment n. o. v., the testimony must be read in the light most favorable to the successful party and he must be given the benefit of every fact and inference of fact which may reasonably be deduced from the evidence. Viewed in this light, we find, according to the testimony of the plaintiff himself, he continued in the employ of appellant until October 31, 1931; that he had trained and appointed sub-agents and had produced $180,000 of insurance, of which $30,500 was produced by sub-agents; that at no time was he notified his services were discontinued, and when he made a request for payment of salary and expenses, was assured he would be paid when appellant had over-

come its embarrassment of having its fund deposited in a closed bank. An exhibit produced by appellant showed the plaintiff wrote insurance after August 15, 1931—the date of the alleged discharge. Appellant's president and general manager, L. S. Brown, testified that he notified plaintiff in the middle of July 1931 he was discontinuing the contract, but was persuaded to give him another month's salary until August 15, 1931, after which time plaintiff and appellant had no business relations. No written notice was given to the plaintiff of his discharge, although on November 21, 1931, by a letter from the general manager, he was notified his contract was cancelled and requested to turn over all books, papers and policies which were the property of the company and make a proper accounting of his indebtedness. As thus stated, the record presents a plain question of fact upon which the jury was fully warranted in finding that plaintiff had continued in the employ of the appellant company until October 31, 1931, and that he had not been discharged nor had he been served with notice, in accordance with paragraph 25 or 26, that the traveling expenses or the salary was discontinued.

Because of plaintiffs' admission that he had collected premiums and retained them as a deduction against claims which he had against the company, appellant contends this was such a violation of the terms of the contract as to forfeit all claims for compensation. The seventh paragraph of the contract provides: "The Agent shall promptly remit to the Principal the full amount of all premiums collected by him, without any right of offset or deduction for any claims or compensation due him under the terms hereof, or that may be otherwise due him, and all funds collected or obligations taken by him in payment of premiums, or the proceeds thereof, shall always be the property of the Principal, and shall be held by the Agent purely in a fiduciary ca-

pacity, and shall not be mingled with his personal funds, or be used by him in any manner for his own benefit, nor shall he be authorized to expend for any purpose any portion of such collection made by him ......" On this phase of the case plaintiff testified he was billed by the appellant company for the net amount due it, deducting whatever commissions were due him, and he offered in evidence a number of bills in that form. It was frankly admitted by the president and general manager of the appellant company that the practice of paying net instead of gross premiums was in accordance with the company's practice, and he was not complaining about plaintiff's failure to do so although it was urged in the affidavit of defense and earnestly pressed on this appeal by appellant's counsel.

Paragraph 7 was clearly intended for the benefit and protection of the appellant and not only could be waived, but, by a subsequent agreement or arrangement, appellant could make such changes as would be for the best interests of both parties. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified or changed, or that a new agreement was substituted for it. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations. Where the effort is not to contradict the terms of a written contract, but merely to show a subsequent modification, or waiver of something provided for in the contract, while the burden is on the party asserting the change, all that is required is that the evidence in support of the claim should be convincing to the jury: *Holloway v. Frick,* 149 Pa. 178": *Anstead v. Cook,* 291 Pa. 335, 140 A. 139; *Knight v. Gulf Refining Co.,* 311 Pa. 357, 166 A. 880. The testimony as presented was sufficient to warrant the jury in finding that paragraph 7 had been modified and its terms waived by the subsequent con-

duct and arrangement of the parties; and consideration is implied from the mutual assent of the parties to the modification.

We find no merit in appellant's contention that plaintiff's allegata and probata did not agree. An examination of the pleadings shows that the question of modification of the terms of the contract was set forth in the answer to the counter-claim. In the first instance, plaintiff's claim for services was based upon the contract and he was not required to anticipate any defense which appellant would interpose. The purpose of pleadings is to set forth the claims of the respective parties so clearly and concisely that they may be fully advised as to what one is called upon to meet. "If the proof corresponds to the substance of the allegation, a variance is not established; in determining this question the entire pleadings and evidence must be considered and if the latter substantially proves the former, a variance does not exist": *Freeman v. Pgh. Rys. Co.*, 301 Pa. 490, 152 A. 546; *Pierson v. London*, 102 Pa. Superior Ct. 176, 156 A. 719. The question of the modification of the contract was clearly raised by the pleadings.

We deem it unnecessary to discuss at length other reasons argued by appellant, but have given them careful consideration and find no sufficient reason to disturb the judgment entered.

The assignments of error are overruled and the judgment is affirmed.