## Vondersmith v. Kloidt, Appellant.

Argued November 12, 1940.

Before CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*K. L. Shirk,* for appellant.

*Chas. W. Eaby,* for appellee.

OPINION BY PARKER, J.:

This action of assumpsit was brought by H. M. Vondersmith, who is engaged in selling ice machines and conducting a machine shop, against Charles W. Kloidt,

the operator of a brewery, to recover a balance claimed to be due on a running book account kept in the regular course of plaintiff's business. There was attached to plaintiff's statement of claim a copy of that account showing debits and credits over a period beginning April 19, 1933, and ending November 30, 1938. The cause came to trial with a jury, which found a verdict for the plaintiff for a sum less than the amount claimed, and defendant has appealed to this court complaining of the refusal of his motions for judgment n. o. v. and for a new trial. The appellant's statement of the question involved indicates but one ground for the appeal. Was there such a variance between the allegations in the pleadings and the proofs as to entitle defendant to a judgment? We are all of the opinion that the court below properly disposed of the case.

The charges as shown by plaintiff's statement aggregated $2,739.98. Defendant in his affidavit of defense admitted that all of the charges with two exceptions, items aggregating $1,461.96, were correct and averred that the two disputed items concerned an ice machine which plaintiff wished to sell to defendant and which was installed in defendant's brewery on trial about October, 1934; that the machine and fittings "were never purchased by the defendant in that the same was of no value to him and would not properly work, nor could it be used for refrigeration and the purposes for which it was intended"; that plaintiff subsequently removed the machine; and also that a written bailment lease was entered into by the parties more than a year after the machine was installed.

When the case was presented to the jury it was apparent that the only dispute related to the two charges involving the ice machine and the expense of its removal. The defendant's answer showed that when the admitted items and the credits were compared, defendant owed plaintiff $50.52 aside from the transactions involving the ice machine and its installation and removal. Plain-

tiff would have been entitled to binding instructions for that amount. The issue being clearly defined and the two items concerning the ice machine being disputed, the plaintiff did not depend upon the charges in his books, although he produced in court all the original work and charge sheets for examination by defendant, but he offered direct evidence tending to show that the machine was sold to defendant unconditionally and that it was retained and used by defendant for four years when plaintiff removed it under an oral agreement with defendant whereby plaintiff was to remove the machine at defendant's expense, sell it, and credit defendant with the net proceeds on account of the original purchase price. This was done, the machine was sold, and defendant was credited with $700 received for the machine.

Appellant contends that the proofs were at variance with the pleadings in two respects. He first argues that the disputed items could be properly proved only by plaintiff's books. The weakness of appellant's argument is apparent when the proposition is stated in general terms. Plaintiff sued on a book account; defendant disputed two items; then the plaintiff, instead of relying upon the charges in his books as is frequently necessary where the accounts are complicated or where a death has intervened, proceeded to actually prove what the charge was for, that the machine was unconditionally sold and was not placed in defendant's brewery on trial. If defendant's position were to be sustained, it would mean that when a book account is sued upon and items in it are disputed, a plaintiff would not be permitted to sustain those charges by any other proofs. It is apparent that the appellant confuses rules relating to pleadings with rules of evidence.

The books of original entry of a merchant are not the only evidence that may be presented in support of a running account and they are not necessarily the best evidence: *Adams v. Columbian Steam Boat Co.*, 3

Wharton 75, 80; *Croushore's Est.,* 79 Pa. Superior Ct. 286, 289; *Barr v. Walsh,* 86 Pa. Superior Ct. 584, 586. The prime purpose of pleadings is to set forth the claims of the parties so that they may be fully advised as to what one is called upon to meet: *Ross v. Penna. Underwriters' Co., Inc.,* 123 Pa. Superior Ct. 484, 491, 187 A. 62. "If the proof corresponds to the substance of the allegation, a variance is not established; in determining this question the entire pleadings and evidence must be considered and if the latter substantially proves the former, a variance does not exist": *Freeman v. Pittsburgh Rys. Co.,* 301 Pa. 490, 493, 152 A. 546.

Here we do not have a situation that in any manner tended to mislead the defendant to his prejudice or to leave him in doubt as to the issue. In fact, the issue was made by the defendant who clearly defined it in his affidavit of defense. It was that issue which was actually tried and at no place in the proofs do we find any indication that there was any ground for surprise upon the part of the defendant. The proofs on the part of both parties followed closely the issue defined by the defendant. At the conclusion of the charge, an opportunity was afforded counsel to make any corrections and the only exception taken was to the refusal of defendant's point for binding instructions in his favor and a pro forma general exception.

The defendant further contends that the written lease showed a different contract than the one sued upon and was not the proper subject of a suit on a book account. It will be noted that the defense was two-fold and that the two positions were not entirely consistent. Defendant first claimed that the machine was only taken on trial and that the tests did not prove satisfactory and then claimed that thirteen months after the machine was installed, which was after full opportunity to test it, he entered into a bailment lease whereby he was given twenty-seven months in which to pay the purchase price. The machine remained in defendant's possession

for three years, during which time it was used by him. The plaintiff then offered proofs tending to show that in November, 1938, it was orally agreed that the machine should be sold and the proceeds credited on the original price. These proofs were sufficient to show, if believed, that the bailment lease was never intended to be in force or, if it was, that it was abandoned and that the parties returned to their original agreement for a sale and purchase. The jury, after being carefully instructed as to the measure of evidence necessary to set aside a written agreement, found that the machine was sold to defendant in 1934 and was not placed in the brewery on approval. This result was not surprising in view of the evidence offered. If plaintiff had relied upon his books to sustain his claims, the position of appellant would have had merit.

We have, in short, a case where the pleadings of the plaintiff were not all that is to be desired and should not be followed as a model. Nevertheless, the issue was clearly defined, it was made by the defendant himself, and the case was tried upon that theory after full opportunity to the defendant to present every possible defense. We see no reason why the verdict should be disturbed.

The objection to the admission of certain evidence elicited from the defendant was not covered by the statement of question involved or by an assignment of error and therefore will not be discussed: *N. Y. & Penna. Co. v. N. Y. Cent. R. R. Co.,* 300 Pa. 242, 150 A. 480; *Nick v. Craig,* 301 Pa. 50, 61, 151 A. 573. We have, however, carefully considered the argument of the appellant bearing on the admission of evidence and find no merit in his contentions.

Judgment affirmed.

PER CURIAM, January 30, 1941.

The foregoing opinion was prepared by Judge PARKER before his accession to the Supreme Court. It is now adopted and filed as the opinion of the court.