Opinion by
 

 Fine, J.,
 

 Thomas M. Gibson, trading as Gibson Export Company, appellant, instituted this action in assumpsit in the Municipal Court of Philadelphia against Stainless Steel Sales Corporation, appellee, seeking the return of $2,000.00, which sum represented a deposit made by appellant under an oral contract for the purchase of a quantity of stainless steel sheets from appellee. At the close of the testimony, appellee presented points for binding instructions in which no mention was made of any variance between the allegata and probata. In directing the jury to render a verdict for appellee the trial judge raised for the first time the question of variance and predicated his action solely thereon. Appellant’s motion for a new trial was dismissed by the court below, and this appeal followed.
 

 Appellant’s complaint averred,
 
 inter alia,
 
 that on June 30, 1947, an oral contract was consummated, wherein appellant agreed to buy, and appellee to sell, 50,000 pounds of stainless steel sheets at $0.32 per pound or $16,000.00; that this contract was orally rescinded on July 28, 1947, and that appellee agreed to return a $2,000.00 deposit, which it now refuses to do. An amended answer
 
 [1]
 
 was filed averring,
 
 inter alia,
 
 that appellant ordered 83,000 pounds of stainless steel and confirmed the same by a letter dated June 30, 1947; that appellee was at all times “ready, willing and able to deliver . . . the said eighty-three thousand pounds of stainless steel sheets,” but that appellant without cause “refused to accept delivery of same and cancelled the con
 
 *303
 
 tract on or about July 28, 1947.” Appellee denied that any rescission was mutually agreed upon or that it had at any time agreed to refund the $2,000.00 deposit.
 

 The sole question before us is whether there was sufficient evidence to warrant a jury in concluding that the parties had mutually agreed to rescind the contract and to refund the deposit money. Preliminarily, it is clear that where, as here, a directed verdict is entered it is the duty of this Court, on review, to resolve all doubts on questions of fact either directly arising out of the evidence, or properly deducible therefrom, in favor of the party (appellant) against whom the motion is directed.
 
 Litwinowitch v. Oriental Navigation Co.,
 
 311 Pa. 257, 166 A. 911;
 
 Guilinger v. Pennsylvania Railroad Co.,
 
 304 Pa. 140, 155 A. 293; 6 Standard Practice, p. 42. So considered, the testimony discloses that prior to the making of the agreement, appellant advised appellee that it would be necessary for appellant to obtain an extension of letters of credit with his customer in Sweden; that with that understanding the contract of purchase was then made with appellant; and that later the extension of credit was refused by the Swedish authorities.
 
 [2]
 
 It was then, appellant contends, that the agreement of rescission was consummated. He testified: “Q. What did you say to Mr. Levine [appellee’s president] and what did he say to you? ... A. I said that I received this cable, the letter of credit cannot be extended, the order was automatically cancelled,
 
 to which he agreed.
 
 I asked him for the refund of my deposit [to]
 
 tohich he
 
 agreed(Italics supplied) This testimony, if believed by the jury, was sufficient to support a finding that the parties agreed to rescind the contract and refund the deposit money to appellant. “The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their
 
 *304
 
 mutual rights is sufficient consideration”:
 
 Dreifus, Block & Co. v. Salvage Co.,
 
 194 Pa. 475, 45 A. 370. Cf.
 
 Merchants-Citizens National Bank v. Mauser,
 
 297 Pa. 399, 404, 147 A. 90;
 
 Reber v. Brownback,
 
 27 Pa. Superior Ct. 471; Restatement, Contracts, §§406, 407. The court below erred, therefore, in removing from the jury’s consideration the question of whether, on the testimony recited above, an oral rescission was consummated. In such circumstances the credibility of the witnesses was for (lie determination of the jury.
 

 True, the appellant did not aver in his complaint that performance of the contract ivas conditional upon the grant of letters of credit to appellant’s customer in Sweden. If this action was for recovery of the deposit, based on impossibility of performance, that averment would become most material. But, here, appellant seeks recovery on an alleged express contract of rescission and any testimony bearing on the conditional nature of the original contract is only relevant, if at all, on the credibility of the parties. It was immaterial that this condition was not pleaded. The appellee was not called upon to prove its non-existence; he was only required to satisfy the jury that the contract had not been mutually rescinded by a subsequent oral agreement. Whether or not the condition existed did not in any way affect the issue of mutual rescission; nor did it further burden the appellee, as is evident from his failure to object to any testimony bearing thereon, when offered. No doubt the court below was misled by an abundance of such testimony introduced by appellant, the substance of which described the somewhat uncertain status of negotiations regarding the extension of credit. It was this testimony which led the court below to conclude that a condition existed in the contract which was not alleged in appellant’s complaint and which caused a fatal variance between allegata and probata. Not only was this testimony
 
 *305
 
 relied upon by the court below unnecessary to a determination of the issue of rescission, but, moreover, it was not relied upon by appellant in his proofs to show a rescission had been effected. In such circumstances, therefore, no material variance between allegata and probata could exist. Cf.
 
 Patton v. Vucinic,
 
 109 Pa. Superior Ct. 530, 167 A. 150. “If the proof corresponds to the substance of the allegation, a variance is not established ; in determining this question the entire pleadings and evidence must be considered and if the latter substantially proves the former, a variance does not exist”:
 
 Freeman v. Pgh. Rys. Co.,
 
 301 Pa. 490, 152 A. 546;
 
 Ross v. Penna. Underwriters Co., Inc.,
 
 123 Pa. Superior Ct. 484, 491, 187 A. 62;
 
 Vondersmith v. Kloidt,
 
 143 Pa. Superior Ct. 170, 17 A. 2d 706. Whether such a condition existed in the agreement in no way affected the pivotal issue of whether rescission had occurred. That question of fact was for the jury.
 

 Assuming a material variance existed, the appellee did not object to the testimony; be chose to abide the result of the testimony actually offered and admitted, and now after a trial on the merits, it is too late to question what, appellee argues, was treated by both parties as a part of the issue. Cf.
 
 Pennsylvania Railroad Co. v. Pittsburgh,
 
 335 Pa. 449, 6 A. 2d 907. Any objection to a variance between allegations and proof comes too late if not made during the trial:
 
 Sipior v. United States Glass Co.,
 
 132 Pa. Superior Ct. 208, 200 A. 938. It was not the function of the trial judge to raise an objection to a variance of his own motion and assign it as a reason for directing a verdict:
 
 Clark v. Millett,
 
 57 Pa. Superior Ct. 287, 288. It is the well recognized rule that the question of a disagreement between' allegations and proof may be raised (1) when the testimony not covered by the pleadings is offered; (2) by a motion for a nonsuit, assigning the divergence as a reason; or, (3) by a motion for binding instructions in which the
 
 *306
 
 variance is assigned as a reason. “If, however, no objection is made to the testimony, and the specific reason is not assigned ... in the point for binding instructions, then the defendant, having taken his chance, may not thereafter raise the question. . . . The raising of the question of a variance at some point during the trial is required in order to permit the plaintiff to make an offer to amend”:
 
 Kehres v. Stuempfle,
 
 288 Pa. 534, 538, 136 A. 794.
 

 As the appellant waived its objection to any variance and failed to specifically assign a variance as a reason for binding instructions, a directed verdict on that ground was manifestly erroneous. Moreover, this was clearly a jury case.
 

 Judgment reversed with a venire.
 

 [1]
 

 Appellee also filed a counterclaim seeking $4,226.00 in damages for appellant’s alleged breach of contract. The court below struck off this counterclaim for the reason that the amount exceeded $2,500.00 and was not within the jurisdiction of the municipal court although the matter might well have been transferred to the court of common pleas. Appellee has not appealed from this order, and hence the counterclaim is not before us.
 

 [2]
 

 Extensions of credit could not then he established without authorizations to import being first granted by Swedish government.