Davis, Appellant *v.* Hodin.

Argued March 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Joseph E. Gallagher,* with him *Philip V. Mattes,* for appellant.

*Alex Marcus,* with him *Everett A. Rosser,* for appellees.

OPINION BY GUNTHER, J., July 13, 1954:

This is an action in assumpsit by a seller to recover the purchase price of cheese, less credit for amounts realized by the seller in minimizing damages after the defendant buyers had rescinded and returned most of the goods. The jury rendered a verdict for the defendants. The plaintiff's motion for judgment n.o.v. was refused by the court below and plaintiff has appealed.

The jury verdict has admittedly, for the purpose of this appeal, determined the questions of blame for deterioration of the cheese and adequate notice of rescission in favor of the defendants. The plaintiff, however, raises the question as to whether the defendants may affirm a contract in part by retaining some of the goods and rescind as to the rest, and whether the plaintiff assented to such conduct. The evidence disclosed that the defendants' employe rejected 71 boxes of cheese immediately on delivery, which were returned to the plaintiff and credit given therefor. The next day, upon inspection, the defendants rejected 657 additional boxes and elected to keep only 50 boxes. The plaintiff was so notified and agreed to pick up the unsatisfactory cheese, which he later did and which he resold for salvage.

The Sales Act, Section 69, 69 PS §314, contemplates that the buyer, upon breach of warranty of merchantability by the seller, may elect to rescind and return the goods to the seller. Although the general rule is that the buyer must rescind the whole contract and return all the goods, this is not an absolute rule. The parties to a contract may rescind in part by mutual assent. *Gibson v. Stainless Steel Sales Corp.*, 166 Pa. Superior Ct. 300, 70 A. 2d 861; cf. Section 71 of the Sales Act, 69 PS §332. In *Moskowitz v. Flock and Flock*, 112 Pa. Superior Ct. 518, 171 A. 400, it was

held that under The Sales Act there could be a partial rescission where the buyer was unable to return all the goods. There is no reason why general contract principles of mutual agreement to a partial rescission are inapplicable to actions under The Sales Act. The purpose of the Act is to deny to a buyer the right to pick and choose among goods purchased and return part thereof, without the consent of the seller. Nothing in the Act prohibits any reasonable arrangement which the parties choose to make.

It is clear from the evidence that this plaintiff agreed to a partial rescission. He showed his agreement to the immediate return of 71 boxes of cheese by issuing a credit slip therefor to the defendants. Upon notification that an additional 657 boxes were unsatisfactory, he dispatched a trucker to pick them up. He accepted the agreed purchase price for the boxes retained by the defendants. At no time did he notify the defendants that he accepted the returned goods only in order to resell them to minimize damages. All the evidence clearly establishes that all along the line he assented to the entire transaction.

The plaintiff complains that the question of his assent to a partial rescission was not presented to the jury. After the charge of the court below, the plaintiff presented several points for charge, but never suggested the point now raised, nor entered an objection to the charge. The issue of acceptance and assent was clearly raised in the defendants' answer and counterclaim. The defendants' contention on this point was corroborated by the plaintiff's own testimony which disclosed the facts from which his assent can be inferred as a matter of law. The jury decided that the bulk of the goods were unmerchantable, thus granting the defendants the right to rescind. If the defendants

chose to rescind as to part only, and the plaintiff so agreed, he should not now be heard to complain.

Judgment affirmed.