## Rex v. Wellspan Health

*Neil J. Rovner,* for plaintiff.
*Michael D. Pipa,* for defendants.

GEORGE, *J.,* August 24, 2009—The plaintiff, Cathy Rex, initiated this medical malpractice action by complaint dated April 22, 2009 against the defendants, Wil-

liam Schrantz M.D., Gettysburg Hospital and Gettysburg Orthopaedics LLP (collectively defendants).[1] The complaint alleged that the several defendants failed to adequately diagnose, monitor, and treat Rex in regard to an injury suffered during a horseback riding accident. The complaint identified the cause of action against Gettysburg Hospital as one of vicarious liability for the actions and inactions of Dr. Schrantz and other "agents, servants, and employees."

The complaint was met by preliminary objections from the several defendants challenging the sufficiency and specificity of the complaint as it related to the agency allegations against Gettysburg Hospital. On June 3, 2009, an amended complaint was filed by Rex. The amended complaint was once again met with preliminary objections of the several defendants challenging the specificity of the complaint as it related to the agency allegations against Gettysburg Hospital. All parties have briefed the issue and it is now ripe for disposition.

Defendants object claiming that Pennsylvania Rule of Civil Procedure 1019(a) requires that a pleading include the material facts necessary to support a claim. Defendants note that only Dr. Schrantz is named as an individual defendant. As such, the generic reference to agents, servants, and employees frustrates their ability to properly defend the action as they are not fully apprised of the tortious acts underlying the claim. Rex counters that the complaint is specific in regard to the negligent conduct of the defendants and has placed the defendants

---

1. The complaint identifies both Gettysburg Hospital and Gettysburg Orthopaedics LLP as being affiliated with Wellspan Health.

on notice by alleging that "neither Dr. Schrantz nor nurses, or other personnel treating Ms. Rex" acted in compliance with their duty to properly treat her. Rex further points out that defendants are familiar with the personnel who treated Rex and thus have adequate notice of the underlying factual background.

The purpose of the pleadings is to place the defendants on notice of the claims upon which they will have to defend. *McClellan v. HMO*, 413 Pa. Super. 128, 143, 604 A.2d 1053, 1059 (1992). A complaint must give the defendants fair notice of the plaintiff's claims and a summary of the material facts that support those claims. *Id.* Although it is unnecessary to plead all the various details of an alleged agency relationship, a complainant must allege, as a minimum, facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002). Rex's broad reference to nurses and other treating personnel falls far short of that standard.

As mentioned, the primary purpose of a pleading is to form a clear and distinct issue for the trial between the parties. Pleadings serve the purpose of giving notice to an opponent of the propositions to be confronted at trial so as to avoid any unfair surprise. *Vondersmith v. Kloidt*, 143 Pa. Super. 170, 174, 17 A.2d 706, 708 (1941). Such purpose is forwarded by the current pleading as the general references include numerous scenarios of actions or inactions by numerous hospital personnel. Defendants are left to decipher and defend all potential causes of

action no matter how obscure, and perhaps unknown, the underlying facts may be. The rules of procedure simply do not permit the plaintiff to delegate their duty of pleading a specific claim to opposing parties or the court. *Krajsa v. Keypunch Inc.,* 424 Pa. Super. 230, 236, 622 A.2d 355, 357 (1993).

As the sole preliminary objection raised by the defendants is one based upon lack of specificity, Rex will be given the opportunity to file an amended complaint specifically identifying the agent by name or specific and appropriate description. The amendment may not change the cause of action nor the theory upon which recovery is sought. See *Krause v. Great Lakes Holdings Inc.,* 387 Pa. Super. 56, 73, 563 A.2d 1182, 1190 (1989).

Based upon the foregoing, the following order is entered.

## ORDER

And now, August 24, 2009, defendants' preliminary objections to plaintiff's amended complaint pursuant to Pa.R.C.P. 1028(a)(3) are granted. Count III of plaintiff's complaint is limited to a cause of action against Gettysburg Hospital based upon a theory of vicarious liability for the actions of Dr. Schrantz. Plaintiff is granted 20 days from the date of this order within which to file a second amended complaint. In the event a second amended complaint is not filed within the time period set forth herein, defendants shall file an answer to the amended complaint, as modified by this order, within the time period set forth in the Pennsylvania Rules of Civil Procedure.